```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                 :
NEXPOINT STRATEGIC OPPORTUNITIES FUND, :
                                                 :
                                     Plaintiff,           :           1:21-cv-04384-GHW
                                                 :
                       -against-                  :           ORDER
                                                 :
ACIS CAPITAL MANAGEMENT, L.P., U.S. BANK, :
N.A., JOSHUA N. TERRY, BRIGADE CAPITAL
MANAGEMENT, L.P.,                              :
                                                 :
                                     Defendants.       :
                                                 :
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      The Court has received the December 6, 2021 letter from Defendants Acis Capital Management, L.P., Brigade Capital Management, L.P., and U.S. Bank (together, "Defendants") indicating Defendants' consent to Highland CLO Funding, Ltd.'s ("HCLOF") intervention. The Court has also received the December 6, 2021 letter from Plaintiff similarly indicating Plaintiff's consent to HCLOF's intervention. Dkt. No. 48.

> A district court must grant an applicant's motion to intervene under [Federal Rule of Civil Procedure] 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*Laroe Ests., Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds sub nom. Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645 (2017) (internal quotation marks omitted); *see also* FED. R. CIV. P. 24(a). "[F]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). "In seeking intervention under this Rule, the proposed intervenor bears the burden of

demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016).

Considering these factors, the Court has reviewed HCLOF's motion to intervene and concludes that it is entitled to intervention as of right. Accordingly, HCLOF's November 24, 2021 motion to intervene, Dkt. No. 43, is granted.

Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service.

The Clerk of Court is instructed to terminate the motion at Dkt. No. 43.

SO ORDERED.

Dated: December 7, 2021  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge