quinn emanuel    trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

December 13, 2021

**BY ECF AND U.S. MAIL**
  The Honorable Gregory H. Woods
  United States District Judge
  Daniel Patrick Moynihan U.S. Courthouse
  500 Pearl Street, Room 1920
  New York, New York 10007

Re:   *Nexpoint Strategic Opportunities Fund v. Acis Capital Management, L.P., et al.*, No. 1:21-cv-04384-GHW

Dear Judge Woods:

Pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice, we write as counsel for Defendant Acis Capital Management, L.P. ("Acis") to request a pre-motion conference on Acis' anticipated motion to dismiss the Second Amended Complaint (Dkt. 42, "SAC").  Plaintiff NexPoint Strategic Opportunities Fund ("NexPoint") is controlled by James Dondero, whose history of vexatious litigation is well documented.   *See* Transcript Ruling, *In re Highland Capital Mgmt., L.P.*, No. 19-34054-sgj-11 (Bankr. N.D. Tex. Jun. 25, 2021), Dkt. 2500 at 109:17–22 (observing "vexatious litigation behavior"); *id.*, 2021 WL 3418657, at *12 (Bankr. N.D. Tex. Aug. 4, 2021) (finding Dondero in contempt of bankruptcy order for bringing "frivolous" lawsuit). Consistent with past precedent, the SAC is deficient and should be dismissed in its entirety.   If successful, Acis is entitled to attorneys' fees and costs because the indenture authorizes them "in any suit for the enforcement of any right or remedy under this Indenture."   Acis 6 Indenture § 5.15; *see Fluor Corp. v. Citadel Equity Fund Ltd.*, 2011 WL 3820704, at *3 (N.D. Tex. Aug. 26, 2011) (awarding fees under similar indenture provision to party that "unequivocally prevailed").

*Factual Background*

Acis acts as portfolio manager for the Acis CLO 2015-6 Ltd. ("Acis CLO 6") investment fund under that fund's portfolio management agreement (the "Acis 6 PMA").   Acis was originally owned by Mr. Dondero, but was transferred to one of his co-founders, Josh Terry, following an involuntary bankruptcy.   SAC ¶ 47.   Having lost control over Acis, Mr. Dondero, through NexPoint, now asserts a laundry list of claims for alleged mismanagement of Acis CLO 6. NexPoint predicates standing on its status as holder of Subordinated Notes issued by Acis CLO 6. SAC at 2.   NexPoint's Subordinated Notes were issued pursuant to the Acis CLO 6 indenture agreement (the "Acis 6 Indenture"), which governs the rights and obligations of Noteholders.

In the SAC, NexPoint abandoned many of the allegations in its initial complaint (Dkt. 1, "Compl."). *First*, NexPoint withdrew claims based on Acis's conduct prior to the Effective Date of the Acis bankruptcy plan because the bankruptcy court ruled that NexPoint brought those claims in violation of the plan.   Order, *In re Acis Capital Mgmt., L.P.*, No. 18-30264-SGJ-11 (Bankr. N.D. Tex. Sept. 24, 2021), Dkt. 1254 at 6.   *Second*, NexPoint withdrew its claims for alleged mismanagement of Acis CLO 2014-3 Ltd., because Acis redeemed NexPoint's notes in that fund.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

### *NexPoint's Claims Against Acis Fail To State A Claim*

NexPoint names Acis as a Defendant in five counts: **Count 1** (Violations of the Investment Advisers Act ("IAA"), 15 U.S.C. § 80b-1 *et seq.*), **Count 2** (Breach of Fiduciary Duty), **Count 3** (Breach of Contract), **Count 6** (Negligence), and **Count 7** (Conversion). These counts each suffer from fatal procedural and substantive deficiencies, including the following:

*First*, NexPoint's IAA claim (Count 1) is barred because there is no private right of action under the IAA for the fiduciary breaches alleged by NexPoint. Under settled Supreme Court precedent, the IAA provides for a single, narrow private right of action to "void an investment advisers contract." *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 24 (1979). Under the IAA, an advisory contract can only be voided if it was created, or requires performance, that violates the IAA. *Omega Overseas Partners, Ltd. v. Griffith*, 2014 WL 3907082, at *3–4 (S.D.N.Y. Aug. 7, 2014) ("Under [the IAA], as under the common law, if an agreement can by its terms be performed lawfully, it will be treated as legal, even if performed in an illegal manner" (quotation omitted)). NexPoint alleges that Acis breached its fiduciary duties to the Acis CLOs while performing under the Acis PMAs but does *not* allege that Acis PMAs are themselves illegal. Thus, NexPoint is pursuing a claim for which it lacks a private right of action and, on that basis, NexPoint's IAA claim must be dismissed.

*Second*, NexPoint lacks direct standing to assert a common law fiduciary duty claim (Count 2) against Acis because Acis does not owe a fiduciary duty to NexPoint, or any other individual Noteholder. Acis acts as investment adviser to Acis CLO 6, and owes fiduciary duties only to the Acis CLO 6 fund itself. Acis has no fiduciary relationship to mezzanine noteholders of the Acis CLO 6, such as NexPoint. *See Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.3d 584, 593 (2012) ("While the collateral managers may have owed fiduciary and contractual duties to the [investment funds they managed], there is no factual basis to create fiduciary duties running from the managers to the mezzanine noteholders."); *see also MBIA Insur. Corp. v. Tilton*, 2021 WL 3124298, at *15 (Bankr. D. Del. July 23, 2021) (dismissing breach of fiduciary duty claims brought by Noteholder against CLO manager where supporting allegations "simply describe the relationship between the [CLO] Funds" and the collateral managers) (applying New York law).

*Third*, NexPoint lacks derivative standing to assert a common law fiduciary duty claim (Count 2) against Acis. NexPoint's fiduciary duty claim rests on the allegation that Acis "hamstrung NexPoint from recouping its investments" in Acis CLO 6 by "imposing expenses" on Acis CLO 6, SAC at 2, ¶ 171, so under Cayman Islands law (which governs[1]), that claim is derivative because NexPoint's purported "loss is merely a reflection of the loss suffered by" Acis CLO 6. *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 2021 WL 4460547, at *11 (S.D.N.Y. Sept. 29, 2021) (Castel J.) (internal quotations omitted), *amended*, 2021 WL 4710787 (S.D.N.Y. Oct. 7, 2021); *see id*. at *12 (finding that claims by CLO investors were derivative because "any loss caused … would be suffered by the [CLO] Funds and the [investors] would only suffer a loss as a result of the [CLO] Funds' loss."). But NexPoint lacks derivative standing because, under Cayman Islands law, "a shareholder is not permitted to bring a derivative action on behalf of [a] company," *Davis v. Scottish Re Grp. Ltd.*, 160 A.D.3d 114, 116 (1st Dep't 2018) (quotation omitted), subject to "four narrow exceptions" that are neither pled nor applicable here. *Id.* (requiring "(1) [] conduct [that] infringed on the shareholder's personal rights; (2) [] conduct

---

[1] Under the internal affairs doctrine, Cayman Islands law governs. *Milliken v. Am. Realty Capital Hospitality Advisors, LLC*, 2018 WL 3745669, at *4 (S.D.N.Y. Aug. 7, 2018).

[that] would require a special majority to ratify; (3) [] conduct [that] qualifies as a fraud on the minority; or (4) [] conduct [that] consists of *ultra vires* acts." (citation omitted)). Specifically, NexPoint failed to allege the "fraud on the minority" exception because it never alleged that Acis "controlled a majority of the [notes] with voting rights" in Acis CLO 6. *Id.*; *Zohar CDO 2003-1, Ltd.*, 2021 WL 4460547, at *13 (dismissing CLO investors' claim as derivative because "fraud on the minority" exception was "inapplicable"); *see also Davis*, 160 A.D.3d at 116,118 ("fraud on the minority" exception did not apply because "the complaint is devoid of any allegations establishing … control" of a majority of the voting stock). And, in any event, Acis CLO 6 is controlled by independent Cayman Islands-based directors, and NexPoint failed to make any non-conclusory allegation of demand futility. *See* SAC ¶¶ 181, 191, 226, 235; *Halpert Enterprises, Inc. v. Harrison*, 362 F. Supp. 2d 426, 429 (S.D.N.Y. 2005) ("[A] plaintiff must plead the futility of demand with specific factual allegations."). This is yet another basis for dismissal.

*Fourth*, NexPoint lacks standing to bring its breach of contract claim (Count 3) against Acis because the Acis 6 PMA expressly excludes Noteholders like NexPoint as third-party beneficiaries. Acis 6 PMA § 31 ("[N]o party, including any Holder of Notes, is a third party beneficiary of this Agreement."). NexPoint's effort to circumvent this limitation through a derivative action suffers from several fatal deficiencies. For example, Acis CLO 6 is controlled by independent directors with no connection to Acis, and NexPoint has failed to make any non-conclusory allegation of demand futility. *See* SAC ¶¶ 181, 191, 226, 235; *Halpert Enterprises, Inc.*, 362 F. Supp. 2d at 429 (S.D.N.Y. 2005) ("[A] plaintiff must plead the futility of demand with specific factual allegations."). Even if NexPoint had standing, its contract claim is separately barred by the "no action" clause in the Acis 6 Indenture. Acis 6 Indenture § 5.8 ("No Holder of any Note shall have any right to institute any Proceedings, judicial or otherwise, with respect to this Indenture … unless" various notice and voting requirements are met.). NexPoint's Notes were issued pursuant to the Acis 6 Indenture, and any remedies NexPoint may have as a Noteholder must be pursued in compliance with this "no action" clause. *See House of Eur. Funding I, Ltd. v. Wells Fargo Bank, N.A.*, 2014 WL 1383703, at *18 (S.D.N.Y. Mar. 31, 2014) (identically worded "no action" clause in CDO indenture barred claims under related collateral management agreement). This is especially the case where, as here, NexPoint alleges that Acis violated the Acis 6 PMA by failing to comply with investment guidelines set forth in the Acis 6 Indenture.

*Fifth*, NexPoint's negligence and conversion claims (Counts 6 and 7) are barred because they are duplicative of NexPoint's breach of contract claim (Count 3) and run afoul of the economic loss rule. *See Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (1987) ("[B]reach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."); *CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 385 (S.D.N.Y. 2019) ("Pursuant to the 'economic loss rule,' there can be no recovery in tort when the only damages alleged are for economic loss." (quotations omitted) (Woods, J.)); *Zohar CDO 2003-1, Ltd.*, 2021 WL 4460547, at *15 (dismissing CLO investors' conversion claims because they "are based on contract."). They are further barred by the "no action" clause in the Acis Indentures. *See supra*. The negligence claim is independently barred by the exculpation clause in the Acis 6 PMA, which provides that Acis can only be held liable for *gross* negligence (which is not alleged). Acis 6 PMA § 11(a) (providing that the portfolio manager shall not be liable except for "bad faith, willful misconduct, gross negligence or reckless disregard in the performance of its obligations hereunder …").

3

Respectfully submitted,

*/s/ Jonathan E. Pickhardt*

Jonathan E. Pickhardt
Tel: (212) 849-7115

cc:   Counsel of Record (by e-mail)