**S**EWARD **& K**ISSEL **LLP**

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

MARK D. KOTWICK
PARTNER
(212) 574-1545
kotwick@sewkis.com

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, D.C. 20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184


December 13, 2021

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York NY 10007

**NexPoint Strategic Opportunities Fund v. Acis Capital**
**Management, L.P., et al. (21-cv-04384-GHW)**

Dear Judge Woods:

We are counsel for Defendant U.S. Bank, National Association ("U.S. Bank") in the above-referenced matter and respectfully submit this pre-motion letter in accordance with Paragraph 2.C of the Court's Individual Rules of Practice in Civil Cases and to request a pre-motion conference with respect to U.S. Bank's anticipated motion to dismiss the Second Amended Complaint (ECF No. 42) (the "Second Amended Complaint" or "SAC").

**Factual Background**

The Second Amended Complaint is a continuation of a long running dispute between James Dondero, former head of Highland Capital Management ("HCM") and its numerous affiliates, and Joshua Terry, Dondero's former employee who now manages defendant Acis Capital Management, L.P. ("Acis"). Acis, itself formerly controlled by HCM and Dondero, is the portfolio manager (the "Portfolio Manager") for several collateralized loan obligations, including Acis CLO 2015-6 Ltd. ("Acis 6"). The Portfolio Manager manages Acis 6 under a portfolio management agreement (the "Acis PMA"). U.S. Bank is the trustee (the "Trustee") under the indenture governing the rights and obligations of the noteholders of Acis 6 (the "Acis Indenture"). Acis 6 issued notes pursuant to the Acis Indenture in a private offering. Plaintiff NexPoint Strategic Opportunities Fund ("NexPoint") is controlled by Dondero and owns a minority position of the subordinated notes in Acis 6.

December 13, 2021
Page 2

      The essence of Plaintiff's claims concerns the alleged mismanagement of Acis 6. Plaintiff, however, conflates the management obligations and responsibilities of the Portfolio Manager with those of the Trustee (*see, e.g.*, SAC ¶¶ 119-129) and fails to state a cognizable claim against the Trustee in the Second Amended Complaint.  Under the Acis Indenture and Acis PMA, the Portfolio Manager was solely responsible for supervising and directing the investment and reinvestment of the assets of Acis 6.  *See* Acis PMA, § 3; Acis Indenture, § 12.  The Trustee's duties, on the other hand, were ministerial and administrative, and did not include any duties to monitor or supervise the Portfolio Manager or approve the Portfolio Manager's investment decisions or particular trades.  *See* Acis Indenture, § 6.  Thus, even if Plaintiff's allegations of mismanagement by the Portfolio Manager were true, they cannot serve as a basis for claims against the Trustee.

## The Second Amended Complaint Fails to State a Claim Against the Trustee

      NexPoint alleges three claims against the Trustee: Count Four (Breach of the Trust Indenture Act); Count Five (Breach of Fiduciary Duty); and Count Six (Negligence).  Each of these counts should be dismissed as a result of Plaintiff's failure to plead cognizable claims against the Trustee.

      Plaintiff's claim for breach of the Trust Indenture Act of 1939 (the "<u>TIA</u>"), 15 U.S.C. § 77aaa-ooo (Count Four) should be dismissed because the Acis Indenture is not subject to the TIA.  The TIA does not apply to notes issued pursuant to a private offering.  15 U.S.C. § 77ddd(b).  Acis 6 was a Rule 144A and Regulation S private debt offering exempt from the registration requirements of the Securities Act of 1933.  *See* ACIS Indenture, § 2; Exhibit A1 (Form of Global Notes)).  As a result, and contrary to the conclusory allegations in the Second Amended Complaint (SAC ¶ 19), the Acis Indenture is not subject to the TIA.  Moreover, the Acis Indenture did not otherwise incorporate the provisions of the TIA.  Plaintiff does not plead otherwise.  Accordingly, there can be no claim that the Trustee breached the TIA.  *See, e.g., Tennenbaum Living Trust v TGLT S.A.*, 2021 U.S. Dist. LEXIS 164224, at *11-12 (S.D.N.Y. Aug. 30, 2021); *AG Oncon, LLC v. Ligand Pharm., Inc.*, No. 2018-0556-JTL, 2019 Del. Ch. LEXIS 187, at *25-29 (Ch. May 24, 2019), *aff'd*, 2020 Del. LEXIS 11 (Del. Jan. 10, 2020) (dismissing TIA-related claim because securities were exempt from the TIA since the issuance did not involve a public offering).

      Plaintiff's breach of fiduciary duty claim (Count Five) is a hodgepodge of confusing, conclusory allegations that ultimately fail to state a cognizable claim against the Trustee.  As Trustee, U.S. Bank owed certain limited, contractual duties to the Acis 6 noteholders.  In general, an indenture trustee's duties are "strictly defined and limited to the terms of the indenture."  *Elliot Assocs. v. J. Henry Schroeder Bank & Trust Co.*, 838 F.2d 66, 71 (2d Cir. 1988); *AG Capital Funding Partners, L.P. v. State Street Bank & Trust Co.*, 11 N.Y.3d 146, 156 (N.Y. 2008) (indenture trustee's rights and duties defined, not by the fiduciary relationship, but exclusively by the terms of the agreement).  Prior to an Event of Default under an indenture, which Plaintiff does not allege to have taken place here, an indenture trustee's duty is governed solely by the terms of the indenture, with two exceptions: a trustee must avoid conflicts of interest, and it must perform all basic, non-discretionary, ministerial tasks with due care.  *Elliot Assocs.*, 838 F.2d at 71.  These two pre-default obligations are not fiduciary duties. *AG Capital Funding Partners, L.P.*, 11 N.Y.3d at 157.  Further, the Acis Indenture expressly

December 13, 2021
Page 3

limits the Trustee's duties to those enumerated in the agreement.  *See* Acis Indenture, § 6.1 ("Except during the continuance of an Event of Default... the Trustee undertakes to perform such duties as are specifically set forth in this Indenture, and no implied covenants or obligations shall be read into this Indenture against the Trustee").  Accordingly, the Trustee had no fiduciary duty running to NexPoint, and the claim that it breached such a duty should be dismissed.

To the extent that Plaintiff seeks to base its breach of fiduciary duty claim on conclusory allegations that the Trustee failed to avoid conflicts of interest (*see* SAC ¶¶ 206-212), such allegations do not plead a separate claim. In order to state a colorable conflict of interest claim, plaintiff must allege more than the existence of a "relationship between an issuer and an indenture trustee that is mutually beneficial and increasingly lucrative." *Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, 109 F. Supp.3d 587, 598 (S.D.N.Y. 2015).  "Bald assertions of conflict" are inadequate.  Instead, a plaintiff must plead factual allegations that the trustee "personally benefitted" from the disputed action. *Elliot Assocs.*, 838 F.2d at 70.  Plaintiff does not, and cannot, allege how the Trustee advanced its own interests here at the expense of NexPoint, and there is no colorable conflict of interest claim against the Trustee.

Finally, Plaintiff fails to state a claim for negligence (Count Six) against the Trustee.  Under New York law, "an indenture trustee owes a duty to perform its ministerial functions with due care, and if this duty is breached the trustee will be subjected to tort liability." *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Trust Co.*, 172 F. Supp.3d 700, 717 (S.D.N.Y. 2016).  Even were Plaintiff's allegations true (and they are not), the claims do not relate to any ministerial functions of the Trustee and do not give rise to a claim of negligence. *See id.* at 718 n.7 ("[P]laintiffs appear to conflate the duty to perform ministerial acts with due care with their allegations that [the defendant indenture trustee] negligently performed or failed to perform certain duties under the contract.  Only tort claims premised on the former survive because New York recognizes a duty to perform ministerial acts as an extracontractual duty.").  Plaintiff, therefore, fails to plead a colorable claim for negligence against the Trustee.[1]

Plaintiff has not consented to the request for a pre-motion conference.  We are available at the Court's convenience to discuss any questions Your Honor may have.

Respectfully submitted,

Mark D. Kotwick

cc:     Counsel of Record (via ECF)

SK 27991 0005 9100231

---

[1]     The Trustee reserves its right to advance additional arguments, including those raised in other Defendants' pre-motion letters.