**Jason C. Hegt**
Direct Dial: +1.212.906.1686
Jason.Hegt@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS** LLP

December 13, 2021

**VIA ECF**
Hon. Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

Re:  *NexPoint Strategic Opportunities Fund, v. ACIS Capital Management, L.P., et al.*,
Case No. 1:21-cv-04384-GHW (S.D.N.Y.) – Pre-Motion Letter

Dear Judge Woods:

We represent Brigade Capital Management, LP ("Brigade") in the above-referenced matter. We write pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice in Civil Cases to join the request for a pre-motion conference, to join the applicable arguments made in the pre-motion letter submitted on behalf of Defendant Acis Capital Management, L.P. ("Acis"), Dkt. 50, and to set forth additional grounds for dismissal of Plaintiff NexPoint Strategic Opportunity Fund's ("NexPoint") Second Amended Complaint (the "SAC"), Dkt. 42, that are specific to Brigade. The claims in the SAC should be dismissed as against Brigade because NexPoint has not cured any of the deficiencies in its prior pleading despite having had the benefit of Defendants' prior pre-motion letters identifying these issues and ample time to amend.[1] *See* Dkt. Nos. 33, 34, 36. All claims asserted against Brigade still fail as a matter of law and should be dismissed with prejudice.

### Factual Background

This suit is the latest chapter in a long-running dispute between NexPoint's founder, James Dondero,[2] and Acis co-founder, Joshua Terry. This particular suit concerns a collateralized loan obligation ("CLO"), ACIS CLO 2015-6 Ltd. ("ACIS-6"). At all times relevant to this litigation, Acis has served as the portfolio manager of ACIS-6 pursuant to a portfolio management agreement with ACIS-6 (the "PMA"). *See* SAC ¶¶ 37, 41.

Initially, another of Mr. Dondero's entities (Highland Capital Management, L.P.)[3] served as the "sub-advisor" to Acis, SAC ¶ 40, but this changed in August 2018 when Mr. Terry gained control of Acis by virtue of an involuntary bankruptcy proceeding. *See id.* ¶¶ 44, 47. Acis's court-appointed bankruptcy trustee then hired Brigade as sub-advisor to replace Highland and the United

---

[1] On September 24, 2021, NexPoint was ordered to amend its original complaint. *See* Dkt. 32-1 (noting bankruptcy court ruling that "any attempt to go forward with the [above-referenced matter] will be in violation of" Acis' Chapter 11 Plan and related injunctions); *see also* Dkt. 37. The SAC was not filed until November 23, 2021.

[2] *See* https://www.nexpoint.com/nexpoint/about-nexpoint/team/james-dondero/.

[3] *See In re Highland Capital Mgmt., L.P.*, Case No. 20-03190-SGJ11, 2021 WL 2326350, at *2-3 (Bankr. N.D. Tex. June 7, 2021) (noting Mr. Dondero as co-founder, former President and CEO of Highland).

**LATHAM&WATKINS**LLP

States Bankruptcy Court for the Northern District of Texas formally approved Brigade's appointment. *Id.* ¶ 47; *see also In re Acis Cap. Mgmt., L.P.*, Case No. 18-30264-SGJ-11, 2019 WL 417149, at *3 (Bankr. N.D. Tex. Jan. 31, 2019), *aff'd*, 604 B.R. 484 (N.D. Tex. 2019), *aff'd*, 850 F. App'x 302 (5th Cir. 2021) (approving Brigade as sub-advisor, overruling Highland's challenge that Brigade was not a suitable replacement for Highland as "specious," finding that Brigade's fees were "at a much lower cost to [Acis]" than the "handsome fees" previously charged by Highland). Since then, Mr. Dondero and entities affiliated with him have continued to re-litigate these issues with Acis and anyone affiliated with it, including Brigade.[4]

ACIS-6 is governed by an indenture agreement among ACIS-6, ACIS CLO 2015-6 LLC, and U.S. Bank, as Trustee (the "Indenture"). *See* SAC ¶¶ 38-41. Brigade is not a party to the Indenture or the PMA. *See id.* ¶¶ 41-43. Brigade is party solely to a sub-advisory agreement with Acis, dated June 1, 2019.

**NexPoint Fails To State A Claim Against Brigade**

NexPoint asserts three claims against Brigade and the other "RIA Defendants" (Terry and Acis, *see* SAC ¶ 1): **Count 1** (Violations of the Investment Advisers Act ("IAA"), 15 U.S.C. § 80b-1 *et seq.*), **Count 2** (Breach of Fiduciary Duty), and **Count 6** (Negligence). Brigade anticipates moving to dismiss each of these counts for at least the following deficiencies that remain uncured in the SAC:

### A.   Brigade Is Not A Party To The Agreements Identified in Count 1.

NexPoint's claim against Brigade in Count 1 for violations of the IAA is barred as a matter of law. The IAA created a narrow private right of action to "void an investment advisers contract," but NexPoint has not pled any of the facts necessary to pursue such an action under the IAA. *See* Acis Ltr. at 2. Brigade is not a party to the Indenture or the PMA that NexPoint makes the subject of this claim. SAC ¶ 157. This claim, therefore, fails as a threshold matter as to Brigade. *See Clark v. Nevis Capital Mgmt., LLC*, Case No. 04 Civ. 2702 (RWS), 2005 WL 488641, at *13 (S.D.N.Y. March 2, 2005).

### B.   Count 2 Fails To State A Breach of Fiduciary Duty Claim Against Brigade.

NexPoint lacks standing to assert a common law breach of fiduciary duty claim against Brigade regarding ACIS-6 because no fiduciary duty exists. As the investment advisor to ACIS-6, Acis owes fiduciary duties to ACIS-6, but not to every individual noteholder directly. *See* Acis Ltr. at 2. Brigade is even one step further removed: it was merely retained as a sub-advisor to Acis. *See* SAC ¶ 37. Plaintiff's claim that Brigade has somehow been converted into "another" portfolio manager for ACIS-6 (rather than a sub-advisor to Acis), *id.* ¶¶ 52, 56, makes plain that NexPoint is simply trying to re-write the relevant agreements and has no basis to plead the existence of a fiduciary duty.[5] *See generally* PMA; *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d

---

[4] Prior to filing the instant suit, two other entities controlled by Mr. Dondero brought claims against Acis, Brigade, and others making similar claims to those alleged here. *See* Pls. Original Compl., *The Charitable Donor Advised Fund, L.P. v. U.S. Bank, N.A., et al.*, Case No. 20 Civ. 1036 (S.D.N.Y. Feb. 6, 2020), ECF No. 1. The case was voluntarily dismissed later the same month. *See id.*, Dkt. No. 15.

[5] Likewise, even other allegations in the SAC itself make clear Brigade was a sub-advisor and not a portfolio manager as defined under the PMA. *See, e.g.*, SAC ¶¶ 57-59.

397, 400 (S.D.N.Y. 2002) ("If plaintiff's allegations are contradicted by [a document incorporated by reference] those allegations are insufficient to defeat a motion to dismiss"). Brigade has obligations *to Acis*, who in turn has certain obligations to ACIS-6—but there is nothing to suggest that Brigade (as sub-advisor) has any duties directly to every noteholder who held interests in ACIS-6 at any point in time. *See Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.3d 584, 593 (2012).

Moreover, even if NexPoint could identify a source of this purported duty Brigade owed to it, the SAC does not allege any facts to show that Brigade breached these duties. At best, Plaintiff alleges the RIA Defendants violated the PMA by virtue of their alleged failure to comply with investment guidelines set forth in the Indenture and the PMA, *see, e.g.*, SAC ¶¶ 78-108, 171-76. But, these allegations ignore the actual parameters that governed Brigade's work and the full scope of Brigade's overall performance. In any event, "it is not sufficient that hindsight might suggest that another course would have been more beneficial." *In re HSBC Bank USA, N.A.*, 947 N.Y.S. 2d 292, 300 (App. Div. 2012).

Finally, to the extent NexPoint attempts to plead Count 2 as a derivative claim (*i.e.*, on behalf of ACIS-6) against Brigade, NexPoint fails to plead compliance with any of the procedural requirements to bring such claims. *See* Acis Ltr. at 2-3.

### C. Count 6 Fails Against Brigade Because Brigade Owes No Duty To NexPoint.

NexPoint's negligence claim against Brigade fails because no relationship exists between the parties. As in the prior complaint, the SAC is silent on whether there is a contract between NexPoint and Brigade creating a duty—clearly, none exists. *See supra*, discussion of Count 2. And New York law imposes a high standard for pleading a duty of care where there is no contract between the parties. *See Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 59 (2d Cir. 2012). Again, the SAC pleads only conclusory allegations that parrot the legal standard and do no more to state a claim as a matter of law than those in the prior pleading.

### D. Additional Grounds For Dismissal Exist As To The Claims Against Brigade.

*First*, a provision in Brigade's sub-advisory agreement with Acis (i) provides that Brigade can only be held liable *by Acis* for gross negligence and (ii) extends the PMA's exculpation provision that bars NexPoint's negligence claim to cover Brigade as well. *See* Acis Ltr. at 3. *Second*, the claims against fail Brigade because they are barred by the no-action clause of the Indenture, which only permits lawsuits by investors who hold greater than 25% of the Notes of the Controlling Class—NexPoint is not one. *See* Dkt. No. 44, at 12, 14-15. *Third*, although NexPoint still has not clarified its theory of standing to pursue claims against Brigade regarding services Brigade provided to Acis under a contract between Brigade and Acis, the economic loss rule prohibits recovery in a tort claim of purported damages that arise entirely from the alleged non-performance of contractual obligations. *See* Acis Ltr. at 3 (citing *CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 385-86 (S.D.N.Y. 2019) (Woods, J.).

LATHAM&WATKINS LLP

                                            Respectfully submitted,

                                            _____/s/ Jason C. Hegt_____
                                            Jason C. Hegt
                                            of LATHAM & WATKINS LLP

                                            *Counsel for Brigade Capital Management, LP*

cc:     All counsel of record (via ECF)