

**SBAITI & COMPANY**
A TEXAS PROFESSIONAL LIMITED LIABILITY COMPANY

December 29, 2021

<u>Via ECF</u>

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

   Re: *NexPoint Strategic Opportunities Fund v. Acis Capital Management, L.P., et al*, Case No. 1:21-cv-04384-GHW, United States District Court, Southern District of New York

Dear Judge Woods:

  Plaintiff NexPoint Strategic Opportunities Fund respectfully submits this response to the four pre-motion letters filed on December 13, 2021, by Defendants and Intervenor, Highland CLO Funding, Ltd. The letters have few, if any, bases for dismissal at the 12(b)(6) stage. We are responding in the aggregate for the sake of brevity and to simply suggest to the Court a few points:

  ***First***, the motions will not dispose of all the claims against Acis, U.S. Bank, Brigade and Mr. Terry. Specifically, the breach of fiduciary duties claims under the Investment Advisers Act of 1940 (the "<u>Advisers Act</u>"), are well-pled.[1] Nothing in the letters suggests otherwise. The Advisers Act violations are actionable via a state-law fiduciary duty claims[2]—meaning, the argument that the Advisers Act has no private right of action is meritless (it actually does come

---

[1] *Transamerica Mortg. Advisors (tama) v. Lewis*, 444 U.S. 11, 17, 100 S. Ct. 242, 246 (1979) ("As we have previously recognized, § 206 [of the Advisers Act, 15 U.S.C. § 80b-6] establishes 'federal fiduciary standards' to govern the conduct of investment advisers.").

[2] *See Strougo ex rel. Brazil Fund v. Scudder, Stevens & Clark, Inc.*, 964 F.Supp. 783, 799 (S.D.N.Y. 1997), *rev'd in part on other grounds in Strougo v. Bassini,* 282 F.3d 162 (2d Cir. 2002). *See also Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 502-06 (3d Cir. 2013) (recognizing that Advisers Act violations supply standard for state breach of fiduciary claims)*; Goldenson v. Steffens*, No. 2:10-cv-00440-JAW, 2014 U.S. Dist. LEXIS 201258, at *137 (D. Me. 2014) ("Even assuming the [Advisers Act] provides no private right of action, this does not mean that it does not create a standard of care from which a duty arises…."); *Douglass v. Beakley*, 900 F. Supp. 2d 736, 751-52, n.16 (N.D. Tex. 2012) (holding that Advisers Act violations were actionable under state fiduciary duty laws); *State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 123, 812 P.2d 777, 785 (N.M. 1991) (citing *Capital Gains Research*, and applying the standard set forth therein, in ruling that breaches of Advisers Act under state law claim for breach of fiduciary duty were valid).

December 29, 2021
Page Three

with a private right of action as we have pled). The law is plain that Advisers Act violations are not waivable[3]—meaning that the alleged contractual defenses to them are feckless. Advisors Act violations do not rest on derivative standing[4]—meaning Plaintiff has a direct claim for breach of fiduciary duty without having to rely on derivative standing under Cayman Islands law.[5] Because of the simple and applicable law, none of the Defendants should be allowed to dismiss the Advisors Act claims, and discovery should proceed accordingly.

*Second*, as to the claim that Cayman Islands law does not recognize derivative actions, that is not a correct statement of the law. As our courts have recognized, Cayman Islands law recognizes four exceptions to the general rule that derivative actions are not permitted.[6] Of those, at least two have been pled here: The first is that there has been an injury to shareholders' special rights as provided by statute or the company agreement.[7] The fraud on the minority exception, which is essentially a self-dealing doctrine,[8] also applies because the accused self-dealers have control over the company.[9]

*Third*, while Defendants seek to dismiss the negligence claims because there is no contract that created a duty, this is the opposite of the law. Negligence does not require a contract—usually

---

[3] The Advisers Act provision 15 U.S.C. § 80b-15(a) provides that "Any condition, stipulation, or provision binding any person to waive compliance with any provision of this subchapter or with any rule, regulation, or order thereunder shall be void."

[4] The SEC enacted 17 C.F.R. § 275.206)(4)-8, to enforce the fiduciary standards in Section 206(d) of the Advisers Act. This provision states that an Investment Adviser may not "(1) Make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, **to any investor** or prospective investor in the pooled investment vehicle; or (2) Otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative **with respect to any investor** or prospective investor in the pooled investment vehicle." 17 C.F.R. § 275.206)(4)-8 (bolding added). Although no defendant contests whether the ACIS CLO is a "pooled investment vehicle" for the purposes of this regulation, it does qualify because it "[has] less than 100 investors and do[es] not publicly offer [its] securities." *United States SEC v. Markusen*, 143 F. Supp. 3d 877, 891 (D. Minn. 2015).

[5] Even in the event that derivative standing is required, Plaintiff has pled derivative standing.

[6] *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-cv-307, 2021 U.S. Dist. LEXIS 187081, at *34–35 (S.D.N.Y. Sept. 29, 2021) (citation omitted) (""There are 'only four narrow exceptions' to Cayman law's prohibition against derivative claims: '(1) if the conduct infringed on the shareholder's personal rights; (2) if the conduct would require a special majority to ratify; (3) if the conduct qualifies as a fraud on the minority; or (4) if the conduct consists of ultra vires acts.'").

[7] *See* K.W. Wedderburn, *Shareholders' Rights and the Rule in* Foss v. Harbottle, 15 Cambridge L.J. 194, 209 (1957).

[8] *Winn v. Schafer*, 499 F. Supp. 2d 390, 396–97 (S.D.N.Y. 2007)

[9] *Matter of Renren Inc. Derivative Litig.*, No. 653594/2018, 2020 N.Y. Misc. LEXIS 2132, at *83 (N.Y. Sup. Ct. May 20, 2020).

December 29, 2021
Page Three

the opposite is true: a contract vitiates a negligence claim.[10] None of the cases cited for the proposition advanced by Defendants actually hold in their favor. Nonetheless, the negligence claim is pled in addition to and in the alternative to the other claims, and so the existence or non-existence of certain claims is not a basis for dismissal at the 12(b)(6) stage.

**_Fourth_**, while U.S. Bank cites various provisions for why the Trust Indenture Act does not apply, it has not shown how this is so. While it attempts to say that the TIA does not apply because the TI is exempt from securities that are not registered pursuant to 15 U.S.C. § 77ddd(b), that provision only applies to liability that might apply for selling unregistered securities as put forth in §§ 77eee and 77fff. It is nowhere near as broad as exempting *all* duties under the TIA, and says nothing of the application of the duties to a trustee as alleged in the complaint. In fact, that § 77ddd by its terms only exempts securities liabilities arising under §§ 77eee and 77fff is clear evidence that the balance of the TIA DOES apply.

**_Finally_**, Highland CLO Funding, Ltd. ("HCLOF")'s motion to dismiss should not be allowed to be filed because (1) it did not properly set forth the basis for its motion in its letter per the Court's local rules; (2) it has no standing to seek to dismiss Plaintiff's claims because it is not a defendant to any of them, and none of which implicate its rights or duties, and (3) its bases for intervention, while permissive, are not related to the *merits* of the claims Plaintiff has brought, and appear to be part of a scheme to turn this lawsuit into a circus in collusion with the other players.

Plaintiff respectfully submits that the balance of the issues raised fall under the above rubrics. Some of these issues are obviously complex—too complex to decide in three pages. And so while it is likely the Court will allow Defendants to file at least some of their motions to dismiss, and Plaintiff will dutifully respond, this process should not forestall the commencement of discovery for the reasons outlined herein.

Respectfully submitted,

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti

cc: All Counsel (via ECF)

---

[10] *Jones v. Halstead Mgmt. Co., LLC*, 81 F. Supp. 3d 324, 336-37 (S.D.N.Y. 2015).

**December 29, 2021**
**Page Three**