**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

January 26, 2022

**BY ECF AND U.S. MAIL**
 The Honorable Gregory H. Woods
 United States District Judge
 Daniel Patrick Moynihan U.S. Courthouse
 500 Pearl Street, Room 1920
 New York, New York 10007

Re:   *Nexpoint Strategic Opportunities Fund v. Acis Capital Management, L.P., et al.*, No. 1:21-cv-04384-GHW

Dear Judge Woods:

Pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice, we write as counsel for Defendant Joshua N. Terry to request waiver of the pre-motion conference requirement for Mr. Terry's anticipated motion to dismiss Plaintiff NexPoint Strategic Opportunities Fund's ("NexPoint") Second Amended Complaint ("SAC"), Dkt. 42.[1]   With the Court's permission, Mr. Terry intends to join Defendant Acis Capital Management, L.P.'s ("ACM") motion to dismiss, while writing separately to address NexPoint's veil-piercing claims.   This approach will allow Mr. Terry's motion to proceed on the same schedule as the other defendants' motions.[2]

Mr. Terry is the President and indirect 100% owner of Shorewood GP, LLC, the general partner of ACM, which acts as portfolio manager for Acis CLO 2015-6 Ltd. ("Acis CLO 6"). NexPoint names Mr. Terry as a Defendant in four counts: **Count 1** (Violations of the Investment Advisors Act, 15 U.S.C. § 80b-1 *et seq.*), **Count 2** (Breach of Fiduciary Duty), **Count 6** (Negligence), and **Count 7** (Conversion).   These counts each suffer from the same fatal procedural and substantive deficiencies set out in ACM's pre-motion letter, Dkt. 50, and Mr. Terry intends to adopt in full those arguments.   NexPoint also seeks to pierce ACM's corporate veil to hold Mr. Terry liable for ACM's alleged wrongdoing, SAC ¶¶ 236-41, but fails to plausibly allege grounds for veil-piercing.   For the reasons explained below, the veil-piercing claim should be dismissed as well.

NexPoint's veil-piercing claim is governed by Delaware law because ACM is a Delaware limited partnership.   SAC ¶ 3; *see Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). "Delaware courts take the corporate form and corporate formalities very seriously … [and] … will disregard the corporate form only in the exceptional case."   *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 49 (Del. Ch. 2012) (internal quotation marks and citations omitted).   Because

---

[1]   NexPoint failed to serve Mr. Terry during the six months after it commenced this Action as Fed. R. Civ. P. 4(m) requires, so Mr. Terry did not join NexPoint's pre-motion letter.   Dkt. 50. Mr. Terry subsequently accepted service on January 12, 2022.   *See* Dkt. 66.

[2]   The schedule for all Defendants other than Mr. Terry to submit their motion to dismiss briefing is set out in the Court's January 4, 2022 Order.   *See* Dkt. 65.

NexPoint has not alleged any abuse of the corporate form to effectuate a fraud,[3] it must plausibly allege that ACM "is in fact a mere instrumentality or alter ego of" Mr. Terry. *Kirschner v. CIHLP LLC*, 2017 WL 4402545, at *4 (S.D.N.Y. Sept. 30, 2017) (quoting *NetJets Aviation, Inc. v. LHC Comms., LLC*, 537 F.3d 168, 176 (2d Cir. 2008)). To meet its pleading burden, NexPoint must plead both that ACM and Mr. Terry "operated as a single economic entity" and that there would be "an overall element of injustice or unfairness" associated with recognition of corporate separateness. *Id.* NexPoint fails to plausibly allege either prong.

*First*, NexPoint's veil-piercing claim fails because NexPoint does not make any non-conclusory allegations that ACM and Mr. Terry operated as a single-economic entity. *Fletcher*, 68 F.3d at 1458. NexPoint has not even attempted to allege most of the relevant factors—that ACM was inadequately capitalized or insolvent, corporate formalities were not observed, or Mr. Terry was siphoning ACM funds to himself. *Kirschner*, 2017 WL 4402545, at *5 (dismissing complaint that "d[id] not address many of the [relevant single economic entity] factors"). Further, NexPoint does not plausibly allege that ACM functioned as a façade for Mr. Terry, and the allegation that Mr. Terry solely owned and managed ACM, SAC ¶ 50, is insufficient as a matter of law, *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 404 (S.D.N.Y. 2013) ("allegations of mere shared management … or a parent's ownership and operation of a subsidiary—even exclusively for the parent's gain—do not merit piercing the corporate veil"). And NexPoint's unsupported allegations that Mr. Terry exercised "complete dominion" over ACM are conclusory and must be disregarded. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (affirming dismissal of complaint that made conclusory allegations of domination but "does not allege facts from which [domination] may be inferred").

*Second*, NexPoint's veil-piercing claim fails because NexPoint does not allege "injustice or unfairness that is a result of an abuse of the corporate form." *Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 406; *see Fletcher*, 68 F.3d at 1457-58. Specifically, NexPoint fails to "plead facts showing that [ACM] is a sham and exists for no other purpose than as a vehicle for fraud." *Kirschner*, 2017 WL 4402545, at *6. NexPoint instead accepts that ACM was "created for legitimate business purposes" and served as portfolio manager long before any mismanagement allegedly began. *Id.*; *see* SAC ¶ 44 (ACM served as portfolio manager before control was transferred to Mr. Terry). And, as noted above, NexPoint does not allege that ACM's corporate form is used in furtherance of any fraud or wrongdoing—it alleges only that ACM engaged in misconduct in managing Acis CLO 6. SAC ¶¶ 147, 171, 187, 222, 232, 238-39. Such conduct is insufficient as a matter of law. *Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 406 ("a plaintiff's underlying cause of action alone is insufficient to satisfy the injustice requirement").

Respectfully submitted,

*/s/ Jonathan E. Pickhardt*

Jonathan E. Pickhardt
Tel: (212) 849-7115

cc:   Counsel of Record (by e-mail)

---

[3] The only "fraud or wrongdoing" that NexPoint alleges is not an abuse of the corporate form but instead is the same conduct that grounds NexPoint's underlying causes of action—the alleged charging of improper expenses. SAC ¶¶ 47, 171, 187, 222, 232.