**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NEXPOINT STRATEGIC OPPORTUNITIES FUND,

      Plaintiff,

  v.

ACIS CAPITAL MANAGEMENT, L.P., U.S. BANK, N.A., JOSHUA N. TERRY, BRIGADE CAPITAL MANAGEMENT, L.P.,

      Defendants.

Case No. 1:21-cv-04384-GHW

---

**JOSHUA N. TERRY'S MEMORANDUM OF LAW IN SUPPORT OF HIS**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Jonathan E. Pickhardt
Blair A. Adams
Misha Boutilier
51 Madison Ave., 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
jonathanpickhardt@quinnemanuel.com
blairadams@quinnemanuel.com
mishaboutilier@quinnemanuel.com

*Attorneys for Joshua N. Terry*

**TABLE OF CONTENTS**

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................................ 1
STATEMENT OF FACTS ...................................................................................................... 1
I.     MR. TERRY'S ROLE AT ACM ............................................................................... 1
II.    NEXPOINT'S ALLEGATIONS ................................................................................ 1
III.   PROCEDURAL HISTORY ....................................................................................... 2
LEGAL STANDARD ............................................................................................................. 2
ARGUMENT ........................................................................................................................ 3
I.     NEXPOINT'S CLAIMS AGAINST MR. TERRY MUST BE DISMISSED .................... 3
II.    NEXPOINT'S VEIL-PIERCING CLAIM MUST BE DISMISSED ............................... 3
       A.    NexPoint Failed To State An Underlying Claim Against ACM ............................ 3
       B.    NexPoint Has Not Plausibly Alleged Fraud Or Alter Ego .................................... 4
CONCLUSION ...................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*,
   241 F. Supp. 3d 461 (S.D.N.Y. 2017) ................................................................................. 7

*Alexander v. Murdoch*,
   2011 WL 2802899 (S.D.N.Y. May 27, 2011), *report and recommendation adopted*,
   2011 WL 2802923 (S.D.N.Y. July 14, 2011), *aff'd*, 502 F. App'x 107 (2d Cir. 2012),
   *cert. denied*, 569 U.S. 1036 (2013) ....................................................................................... 3

*Blue Whale Corp. v. Grand China Shipping Dev. Co.*,
   722 F.3d 488 (2d Cir. 2013) .................................................................................................. 4

*Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*,
   491 B.R. 335 (S.D.N.Y. 2013) ........................................................................................... 4, 6

*De Jesus v. Sears, Roebuck & Co.*,
   87 F.3d 65 (2d Cir. 1996) ...................................................................................................... 6

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
   228 F.R.D. 508 (S.D.N.Y. 2005) ....................................................................................... 2, 5

*Fletcher v. Atex, Inc.*,
   68 F.3d 1451 (2d Cir. 1995) ............................................................................................... 4, 6

*Kirschner v. CIHLP LLC*,
   2017 WL 4402545 (S.D.N.Y. Sept. 30, 2017) ................................................................ 5, 6, 7

*Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*,
   975 F. Supp. 2d 392 (S.D.N.Y. 2013) ................................................................................ 6, 7

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
   537 F.3d 168 (2d Cir. 2008) ............................................................................................ 4, 5, 6

*Novomoskovsk Joint Stock Co. "Azot" v. Revson*,
   1998 WL 651076 (S.D.N.Y. Sept. 23, 1998) ........................................................................ 3

*Off. Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*,
   -- F. Supp. 3d --, 2021 WL 2403088 (S.D.N.Y. June 11, 2021) ........................................... 2

*In re Stillwater Asset Backed Offshore Fund Ltd.*,
   2018 WL 1610416 (S.D.N.Y. Mar. 30, 2018) ...................................................................... 4

*Vichi v. Koninklijke Philips Elecs. N.V.*,
   62 A.3d 26 (Del. Ch. 2012) ................................................................................................... 4

**Statutes**

15 U.S.C. § 80b-1 *et seq.* ............................................................................................................. 1

**Rules and Regulations**

Fed. R. Civ. P. 4(m) ..................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6)......................................................................................................................... 2
Fed. R. Civ. P. 9(b) ............................................................................................................................ 2, 5

Defendant Joshua N. Terry ("Mr. Terry") respectfully submits this memorandum of law in support of his motion to dismiss Plaintiff NexPoint Strategic Opportunities Fund's ("NexPoint") Second Amended Complaint ("Complaint" or "SAC," Dkt. 42).

## PRELIMINARY STATEMENT

As explained in ACM's motion to dismiss, Dkt. 84, NexPoint's scattershot and conclusory allegations against ACM and Mr. Terry are fatally deficient on numerous grounds. Mr. Terry joins ACM's motion to dismiss those claims in full, and writes separately only to address NexPoint's equally ill-conceived veil-piercing claims. Even if NexPoint had pled viable claims against ACM, NexPoint's veil-piercing attempt would fail because it has not plausibly alleged that Mr. Terry abused ACM's corporate form to effectuate a fraud or that ACM is Mr. Terry's alter ego. NexPoint's veil-piercing claims, like the remainder of its Complaint, should be dismissed with prejudice because any additional amendment would be futile.

## STATEMENT OF FACTS

### I. MR. TERRY'S ROLE AT ACM

Mr. Terry is the President and indirect 100% owner of Shorewood GP, LLC, ACM's general partner. ACM is a Delaware limited partnership which acts as portfolio manager for Acis CLO 6. SAC ¶¶ 3, 37. ACM was originally majority-owned by Mr. Dondero, but was transferred to his co-founder, Mr. Terry, following an involuntary bankruptcy. *Id.* ¶ 47. NexPoint alleges that Mr. Terry, through his position at ACM, advised Acis CLO 6. *Id.* ¶ 44.

### II. NEXPOINT'S ALLEGATIONS

NexPoint names Mr. Terry as a Defendant in four counts: **Count 1** (Violations of the Investment Advisors Act, 15 U.S.C. § 80b-1 *et seq.*), **Count 2** (Breach of Fiduciary Duty), **Count 6** (Negligence), and **Count 7** (Conversion). Each of these claims is based on the same scattershot allegations that Mr. Terry charged Acis CLO 6 improper expenses and mismanaged Acis CLO 6

1

by (1) failing to buy loans that satisfied contractual thresholds, (2) buying bad investments, and (3) failing to seek best execution prices. SAC at 2 & ¶¶ 77-108.

NexPoint also cursorily seeks to pierce ACM's corporate veil to hold Mr. Terry liable for ACM's alleged wrongdoing. SAC ¶¶ 236-241. The Complaint alleges that Mr. Terry "exercised complete domination over A[CM]" because he solely owned and managed it. SAC ¶ 237; *see id*. ¶ 50. The only "fraud or wrongdoing" that ACM alleges is the same conduct that grounds NexPoint's underlying causes of action against ACM and Mr. Terry—the alleged charging of improper expenses. *Id*. ¶ 238-39; *see id*. ¶¶ 145, 171, 187, 222, 232.

### III.   PROCEDURAL HISTORY

NexPoint commenced this action on May 14, 2021, Dkt. 1, but failed to serve Mr. Terry within 90 days of doing so as Fed. R. Civ. P. 4(m) requires. Mr. Terry subsequently accepted service on January 12, 2022. *See* Dkt. 66.

### LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Off. Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, -- F. Supp. 3d --, 2021 WL 2403088, at *5 (S.D.N.Y. June 11, 2021) (Woods, J.) (quotation omitted). "A claim is facially plausible when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). "[L]egal conclusions" need not be "accept[ed] as true," and "labels and conclusions … will not do." *Id.* at *4-5 (quotations omitted). Veil piercing claims "based on allegations of fraud" are subject to "the heightened pleading standard of Rule 9(b)." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (quotation omitted).

## ARGUMENT

### I. NEXPOINT'S CLAIMS AGAINST MR. TERRY MUST BE DISMISSED

NexPoint fails to state a claim against Mr. Terry because its claims against Mr. Terry suffer from the same standing defects and substantive holes set out in ACM's motion to dismiss, which Mr. Terry joins in full. *First*, NexPoint fails to state a claim under the IAA against Mr. Terry because it has not pled the single, narrow private right of action that the IAA recognizes. Dkt. 84 at 5-8. *Second*, NexPoint's remaining claims against Mr. Terry must be dismissed because they are derivative claims that Cayman law prohibits NexPoint from bringing. *Id*. at 11-17. *Third*, NexPoint's remaining claims are also barred by law and/or the provisions of the Acis CLO 6 indenture. *Id*. at 17-20

### II. NEXPOINT'S VEIL-PIERCING CLAIM MUST BE DISMISSED

NexPoint's veil-piercing claim against Mr. Terry must also be dismissed because NexPoint has neither stated any underlying claims against ACM nor plausibly alleged that Mr. Terry abused ACM's corporate form to effectuate a fraud or that ACM operated as Mr. Terry's alter ego.

#### A. NexPoint Failed To State An Underlying Claim Against ACM

NexPoint's veil-piercing claim against Mr. Terry must be dismissed because NexPoint has failed to state any predicate claims against ACM for the reasons set out in ACM's motion to dismiss. *See* Dkt. 84 at 5-8, 11-20. That failure is fatal because a veil-piercing claim "has no viability in the absence of an underlying substantive claim." *Alexander v. Murdoch*, 2011 WL 2802899, at *19 (S.D.N.Y. May 27, 2011) (dismissing veil-piercing claim against corporate principals because plaintiff failed to state a claim against their corporations), *report and recommendation adopted*, 2011 WL 2802923 (S.D.N.Y. July 14, 2011), *aff'd*, 502 F. App'x 107 (2d Cir. 2012), *cert. denied*, 569 U.S. 1036 (2013); *see also Novomoskovsk Joint Stock Co. "Azot" v. Revson*, 1998 WL 651076, at *6 (S.D.N.Y. Sept. 23, 1998) (Rakoff, J.) ("plaintiff may not

3

recover against [controlling shareholder] under [] veil-piercing theory … unless it first establishes the liability of [the corporation]").

B.   **NexPoint Has Not Plausibly Alleged Fraud Or Alter Ego**

In addition to being barred by NexPoint's failure to state any predicate claims against ACM, NexPoint's veil-piercing claim must be dismissed because NexPoint has failed to plausibly allege that ACM's corporate form should be disregarded.[1] "Delaware courts take the corporate form and corporate formalities very seriously … [and] … will disregard the corporate form only in the exceptional case." *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 49 (Del. Ch. 2012) (internal quotation marks and citations omitted). Because "the standard for veil-piercing is very demanding … conclusory allegations … will not suffice to defeat a motion to dismiss," *Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (S.D.N.Y. 2013) (quotation omitted), and dismissal is appropriate "where there has been a lack of sufficient pleadings to place the alter ego issue in dispute," *In re Stillwater Asset Backed Offshore Fund Ltd.*, 2018 WL 1610416, at *9 (S.D.N.Y. Mar. 30, 2018) (citing *Fletcher*, 68 F.3d at 1458), *aff'd*, 777 F. App'x 16 (2d Cir. 2019). Veil-piercing is only available where the corporate form was abused to effectuate a "fraud" or "[the corporation] is in fact a mere instrumentality or alter ego of its owner." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008) (quotation omitted). NexPoint fails to plausibly allege either branch.

*First*, NexPoint's veil-piercing claim fails under a fraud theory because it does not allege that Mr. Terry abused ACM's corporate form to effectuate a fraud. *NetJets Aviation, Inc.*, 537

---

[1] Delaware law governs because Acis is a Delaware limited partnership. SAC ¶ 3; *see Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). The choice of law clauses in the Acis CLO 6 indenture and portfolio management agreement "are irrelevant to assessing alter-ego claims." *Blue Whale Corp. v. Grand China Shipping Dev. Co.*, 722 F.3d 488, 496 (2d Cir. 2013) (quotation omitted).

F.3d at 176. The only "fraud" that NexPoint identifies is the alleged charging of improper expenses (SAC ¶¶ 238-39)—the same conduct that grounds NexPoint's underlying causes of action against ACM. *Id*. ¶¶ 145, 171, 187, 222, 232. That conduct does not involve any abuse of ACM's corporate form. Further, NexPoint has failed to allege that fraud with the particularity that Rule 9(b) requires. *See EED Holdings*, 228 F.R.D. at 512 (dismissing veil-piercing claim for failing to allege fraud with particularity).

*Second*, NexPoint's veil-piercing claim fails under an alter ego theory because it does not plausibly allege that ACM "is in fact a mere instrumentality or alter ego of" Mr. Terry. *NetJets Aviation, Inc.*, 537 F.3d at 176 (quotation omitted). To meet its pleading burden, NexPoint must plead both that ACM and Mr. Terry "operated as a single economic entity" and that there would be "an overall element of injustice or unfairness" associated with recognition of corporate separateness. *Id.* NexPoint fails to plausibly allege either prong of the alter ego branch.

NexPoint fails the first prong of the alter ego branch because it does not sufficiently allege that ACM and Mr. Terry operated as a single-economic entity. Indeed, NexPoint's sole supporting allegation—that ACM functioned as a façade for Mr. Terry—ignores the four other factors that courts consider in determining whether a single economic entity has been alleged: (1) inadequate capitalization; (2) insolvency; (3) failure to observe corporate formalities; and (4) siphoning of funds. *NetJets Aviation, Inc.*, 537 F.3d at 176-77.[2] That failure is fatal because "some combination of [these factors] [i]s required." *Id*. at 177 (quotation omitted); *see Kirschner v. CIHLP LLC*, 2017

---

[2] NexPoint's conversion claim is predicated on the conclusory allegation that Mr. Terry and/or ACM were causing *Acis CLO 6* to improperly pay expenses that were not permitted under the Acis CLO 6 indenture. *See* SAC ¶ 231. There is no allegation that Mr. Terry has improperly taken funds from ACM, nor could there be.

5

WL 4402545, at *5 (S.D.N.Y. Sept. 30, 2017) (dismissing complaint that "does not address many of the [relevant single economic entity] factors").

Moreover, even as to NexPoint's allegation that ACM functioned as a façade for Mr. Terry, it has failed to provide any plausible basis for that contention. *NetJets Aviation, Inc.*, 537 F.3d at 177. For example, NexPoint's allegation that Mr. Terry solely owned and managed ACM, SAC ¶ 50, is insufficient as a matter of law to establish the basis for a veil piercing claim. *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 404 (S.D.N.Y. 2013) ("allegations of mere shared management … or a parent's ownership and operation of a subsidiary—even exclusively for the parent's gain—do not merit piercing the corporate veil"); *see also Kirschner*, 2017 WL 4402545, at *5 (same); *Capmark Financial Group Inc.*, 491 B.R. at 349-50 (same). And NexPoint's unsupported allegations that Mr. Terry exercised "complete domination" over ACM, SAC ¶ 237, are conclusory and must be disregarded. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (affirming dismissal of complaint that made conclusory allegations of domination but "does not allege facts from which [domination] may be inferred"); *see Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 405 (rejecting "conclusory []allegations of mere domination or control" (quotation omitted)).

NexPoint similarly fails the second prong of the alter ego branch because it does not allege "injustice or unfairness that is a result of an abuse of the corporate form." *Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 406; *see Fletcher*, 68 F.3d at 1457-58. NexPoint has not pled, as it must, "facts showing that [ACM] is a sham and exists for no other purpose than as a vehicle for fraud." *Kirschner*, 2017 WL 4402545, at *6; *see also Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 406 (same). NexPoint instead accepts that ACM was "created for legitimate business purposes" and served as portfolio manager at the time of NexPoint's initial investment in Acis CLO 6, long before any mismanagement allegedly began. *Kirschner*, 2017 WL 4402545, at *6; *see* SAC ¶¶ 38-40, 44 (ACM served as portfolio

manager before control was transferred to Mr. Terry). And, as noted above, NexPoint does not allege that ACM's corporate form is used in furtherance of any fraud or wrongdoing "separate and apart from the causes of action" NexPoint brought against ACM. *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 241 F. Supp. 3d 461, 476 (S.D.N.Y. 2017). Instead, the only wrongdoing it alleges is the same alleged misconduct in managing Acis CLO 6 that grounds NexPoint's underlying claims against ACM. SAC ¶¶ 145, 171, 187, 222, 232, 238-39. Such conduct is insufficient as a matter of law because "a plaintiff's underlying cause of action alone is insufficient to satisfy the injustice requirement." *Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 406; *see also Kirschner*, 2017 WL 4402545, at *6 (same); *A.V.E.L.A., Inc.*, 241 F. Supp. 3d at 475-76 (same). That is particularly the case because nothing about ACM's corporate form is alleged to have furthered ACM's and Mr. Terry's supposed misconduct

## CONCLUSION

For the reasons stated above, NexPoint's Complaint should be dismissed with prejudice as to all claims asserted against Mr. Terry.

Dated: January 27, 2022           QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Jonathan E. Pickhardt*
      Jonathan E. Pickhardt
      Blair A. Adams
      Misha Boutilier
      51 Madison Ave., 22nd Floor
      New York, New York 10010
      Tel: 212-849-7000
      Fax: 212-849-7100
      jonathanpickhardt@quinnemanuel.com
      blairadams@quinnemanuel.com
      mishaboutilier@quinnemanuel.com

      *Attorneys for Defendant Joshua N. Terry*