**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br>          Plaintiff, <br><br>     v. <br><br> ACIS CAPITAL MANAGEMENT, L.P., U.S. BANK, N.A., JOSHUA N. TERRY, BRIGADE CAPITAL MANAGEMENT, L.P., <br><br>          Defendants. | Docket No.: 1:21-cv-04384-GHW |

**REPLY TO PLAINTIFF'S RESPONSE TO U.S. BANK'S**
**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 3

I.     PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST U.S.
       BANK SHOULD BE DISMISSED............................................................................. 3

       A.     U.S. Bank Owed No Fiduciary Duty to Plaintiff. .................................................. 3

       B.     Plaintiff's Allegations of "Defaults" Are Not Adequate To Plead That U.S.
            Bank's Post-Event of Default Duties Were Triggered ......................................... 4

II.    THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED WITH
       PREJUDICE BECAUSE GRANTING LEAVE TO AMEND WOULD BE
       FUTILE....................................................................................................................... 9

CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*AG Cap. Funding Partners, L.P. v. State St. Bank & Trust Co.*,
   11 N.Y.3d 146 (2008) ............................................................................................... 3

*Ambac Indemnity Corp. v. Bankers Trustee Co.*,
   573 N.Y.S. 2d 204 (N.Y. Sup. Ct. 1991) ................................................................. 4

*Bakal v. United States Bank National Association*,
   No. 15-cv-6976, 2018 U.S. Dist. LEXIS 56950 (S.D.N.Y. Apr. 2, 2018) ............... 4

*Goplen v. 51job, Inc.*,
   453 F. Supp. 2d 759 (S.D.N.Y. 2006) ...................................................................... 5

*Kolbeck v. LIT America, Inc.*,
   939 F. Supp. 240 (S.D.N.Y. 1996) ......................................................................... 10

*LNC Invs., Inc. v. First Fidelity Bank, National Association*,
   No. 92-cv-7548, 1997 U.S. Dist. LEXIS 12858 (S.D.N.Y. Aug. 27, 1997) .........3-4

*Millennium Partners, L.P. v. United States Bank National Association*,
   No. 12 Civ. 7581, 2013 U.S. Dist. LEXIS 55729 (S.D.N.Y. Apr. 17, 2013) .......... 9

*O'Brien v. National Property Analysts Partners*,
   719 F. Supp. 222 (S.D.N.Y. 1989) ........................................................................... 5

*Office Sol. Grp., LLC v. National Fire Insurance Co. of Hartford*,
   544 F. Supp. 3d 405 (S.D.N.Y. 2021) .................................................................... 10

## STATUTORY AUTHORITIES

N.Y. Real Prop. Law § 126(1) ......................................................................................... 5

Defendant U.S. Bank, N.A. ("U.S. Bank" or the "Trustee") respectfully submits this Reply to Plaintiff's Response to U.S. Bank's Motion to Dismiss the Second Amended Complaint (the "Opposition" or "Opp. Mem.") [ECF No. 92].[1]

## PRELIMINARY STATEMENT

In its moving papers, U.S. Bank demonstrated why the three causes of action alleged by Plaintiff against it in the Second Amended Complaint fail to state legally cognizable claims.  In its Opposition, Plaintiff concedes two of its three claims and states that it is no longer asserting its deficient Trust Indenture Act or negligence claims against U.S. Bank.  With respect to the sole remaining claim -- for breach of fiduciary duty -- the Opposition largely ignores U.S. Bank's Moving Memorandum and apparently concedes that Plaintiff cannot state a claim against U.S. Bank for breach of its express pre-Event of Default duties.  Instead, Plaintiff alleges now that it has stated a claim for breach of fiduciary duty against U.S. Bank because (1) the alleged violations of the Acis Indenture and Acis PMA by ACM and Brigade were "defaults" under the Indenture and (2) Plaintiff has sufficiently pled that U.S. Bank breached its post-Event of Default "prudent person" duties.  Plaintiffs' argument fails in two key respects.

First, as explained in the Moving Memorandum, U.S. Bank does not owe Plaintiff a general fiduciary duty.  Claims against an indenture trustee based on the prudent person standard sound in contract and do not give rise to fiduciary duty claims.

Second, Plaintiff has not alleged the occurrence of an Event of Default under the Acis Indenture.  Regardless of whether the "prudent person" standard is fiduciary or contractual, the "defaults" alleged by Plaintiff in the Second Amended Complaint (or in its Opposition) do

---

[1]     Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in U.S. Bank's Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint (the "Moving Memorandum" or the "Mov. Mem.") [ECF No. 81].

not constitute Events of Default as defined in the Acis Indenture, and therefore do not trigger the "prudent person" standard. Indeed, nowhere in the Second Amended Complaint does Plaintiff plead that an Event of Default—as defined in the Acis Indenture—occurred that would give rise to the "prudent person" standard under Section 6.1(b) of the Acis Indenture. To the contrary, and taking Plaintiff's allegations as true, the defaults of the Collateral Quality Tests at the heart of the Second Amended Complaint are expressly excluded from the definition of an Event of Default. Plaintiff likewise does not allege that the necessary Notice of Default—again, as defined in the Acis Indenture—was given to U.S. Bank to trigger an Event of Default. As set forth in the Moving Memorandum, absent an Event of Default, the Trustee's post-Event of Default "prudent person" duties are not triggered. Any claim for breach of those duties should therefore be dismissed.

Finally, Plaintiff should not be permitted to amend the Second Amended Complaint to add claims for breach of contract or aiding and abetting any alleged breach of fiduciary duty by ACM or Brigade. After three attempts, Plaintiff cannot in good faith plead that an Event of Default has occurred. Whether styled as a breach of contract or a breach of fiduciary duty, Plaintiff cannot plead claims against U.S. Bank for breach of its post-Event of Default duties absent a contractual Event of Default. Nor can the alleged inaction of U.S. Bank give rise to a claim for aiding and abetting a breach of fiduciary duty where (1) there was no underlying fiduciary duty owed to Plaintiff by ACM or Brigade and (2) inaction is not actionable where the alleged aider and abettor (*i.e.*, U.S. Bank) does not itself owe a fiduciary duty to Plaintiff.

Accordingly, the Second Amended Complaint should be dismissed with prejudice as to U.S. Bank.

## ARGUMENT

### I.   PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST U.S. BANK SHOULD BE DISMISSED

#### A.   U.S. Bank Owed No Fiduciary Duty to Plaintiff

As set forth in the Moving Memorandum, an indenture trustee does not owe a fiduciary duty to noteholders. *See* Mov. Mem. at 12-13; *AG Cap. Funding Partners, L.P. v. State St. Bank & Trust Co.*, 11 N.Y.3d 146, 156-57 (2008). Under New York law and the express terms of the Acis Indenture, the only duties of U.S. Bank prior to an Event of Default (which is not alleged to have occurred here) are those duties expressly set forth in the Acis Indenture and are not fiduciary duties. *See* Mov. Mem. at 12-13; Acis Indenture § 6.1(a).

In its Opposition, Plaintiff appears to walk back the allegations in the Second Amended Complaint (*see, e.g.*, SAC ¶¶ 24-26, 32, 55, 62) that U.S. Bank allegedly breached its express pre-Event of Default duties under the Acis Indenture and that U.S. Bank owed pre-Event of Default fiduciary duties to Plaintiff. Plaintiff likewise appears to concede that its conclusory allegations that U.S. Bank's extra-contractual duties to perform all basic, non-discretionary, ministerial tasks under the Acis Indenture with due care and avoid conflicts of interest cannot give rise to a breach of fiduciary claim. *See* Mov. Mem. at 14-15. In an attempt to save its claim, Plaintiff instead argues that it has pled sufficient facts to trigger the Trustee's post-Event of Default "prudent person" duties under Section 6.1(b) of the Acis Indenture and that such duties are fiduciary in nature. *See* Opp. Mem. at 5-7.

As a threshold matter, Plaintiff is incorrect that "prudent person" contractual duties are fiduciary duties. The two cases cited by Plaintiff (*see* Opp. Mem. at 5-6) for the proposition that post-Event of Default duties of an indenture trustee are fiduciary duties governed by a prudent person standard (*LNC Invs., Inc. v. First Fid. Bank, Nat'l Ass'n*, No. 92-

cv-7548, 1997 U.S. Dist. LEXIS 12858, at *49 (S.D.N.Y. Aug. 27, 1997); *Ambac Indem. Corp. v. Bankers Tr. Co.*, 573 N.Y.S. 2d 204, 207 (N.Y. Sup. Ct. 1991)) are inconsistent with more recent case law holding that such claims sound in contract and do not implicate fiduciary duties. *See, e.g., Bakal v. U.S. Bank Nat'l Ass'n*, No. 15-cv-6976, 2018 U.S. Dist. LEXIS 56950, at *37 (S.D.N.Y. Apr. 2, 2018).  In the absence of a fiduciary duty owed by U.S. Bank to Plaintiff, Plaintiff can have no claim for breach of a fiduciary duty against U.S. Bank.

> **B.    Plaintiff's Allegations of "Defaults" Are Not Adequate To Plead That U.S. Bank's Post-Event of Default Duties Were Triggered**

The Court need not determine whether the "prudent person" standard is fiduciary or contractual on this motion, however, as Plaintiff does not allege that an Event of Default occurred that would make the "prudent person" standard apply to U.S. Bank here in any event. *See* Mov. Mem. at 13-14.  Contrary to Plaintiff's allegation (*see* Opp. Mem. at 6), U.S. Bank does not simply deny liability because Plaintiff failed to allege that U.S. Bank "knew" of an Event of Default or that Plaintiff failed to apprise U.S. Bank of an Event of Default.  Rather, U.S. Bank asserts that Plaintiff does not state a claim that it breached its "prudent person" duties in Section 6.1(b) of the Acis Indenture because Plaintiff has failed to plead facts that would constitute the occurrence of an Event of Default under the Indenture sufficient to give rise to such duties.  Indeed, while Plaintiff makes reference to various "defaults" under the Acis Indenture in the Second Amended Complaint, it not once alleges the occurrence of an Event of Default.

Under Section 6.1(b) of the Acis Indenture, the "prudent person" duties of the Trustee arise only after the occurrence of an Event of Default as that term is defined in the Indenture:

> In case an Event of Default known to the Trustee has occurred and is continuing, the Trustee shall, prior to the receipt of directions, if any, from a Majority of the Controlling Class, exercise such of the rights and powers vested in it by this Indenture, and use the same degree of care and skill in its exercise, as a prudent person would exercise or use under the circumstances in the conduct of such person's own affairs.

Acis Indenture §6.1(b).[2]

In the Second Amended Complaint and its Opposition, Plaintiff alleges a series of so-called "defaults," and in its Opposition, Plaintiff now alleges that it gave notice of such "defaults" to U.S. Bank in August 2019. *See* Opp. Mem. at 4-7; Exhibit B to Opp. Mem. (Letter from Michael K. Hurst to Daniel P. Novakov, dated August 16, 2019 (the "Hurst Letter") [ECF No. 92-2]).[3] Plaintiff's allegations are misplaced.

Plaintiff does not and cannot plead that there was an Event of Default under the Acis Indenture. Events of Default are defined in the Acis Indenture (Acis Indenture § 5.1), and missing from the Second Amended Complaint (and Opposition) is any attempt to show that the so-called "defaults" alleged by Plaintiff fit within any of the specified events in the definition of Event of Default under the Indenture. A review of Section 5.1 of the Acis Indenture makes clear why: Plaintiff's allegations of "defaults" do not satisfy the definition of an Event of Default in the Indenture.

---

[2]    *See also* N.Y. Real Prop. Law § 126(1) ("In the case of an event of default *(as such term is defined in such instrument)*, to exercise such of the rights and powers vested in the trustee by such instrument, and to use the same degree of care and skill in their exercise as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.") (emphasis added).

[3]    Plaintiff's allegations made in its opposition brief are not properly before the Court on a motion to dismiss. *See, e.g., Goplen v. 51job, Inc.*, 453 F. Supp. 2d 759, 774 (S.D.N.Y. 2006); *see also O'Brien v. National Property Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss"). U.S. Bank nevertheless addresses them herein to highlight why Plaintiff should be denied leave to replead.

As relevant here, Section 5.1(d) of the Acis Indenture provides that a material default of an agreement or covenant of the Acis CLO under the Acis Indenture can give rise to an Event of Default under certain circumstances:

> (d) except as otherwise provided in this Section 5.1 (Events of Default), a default, in a material respect, in the performance, or breach, in a material respect, of any other material covenant or other agreement of the Issuer or the Co-Issuer in this Indenture (***it being understood, without limiting the generality of the foregoing, that any failure to meet any Concentration Limitation, Collateral Quality Test, Interest Reinvestment Test, or Coverage Test is not an Event of Default***), or the failure of any material representation or warranty of the Issuer or the Co-Issuer made in this Indenture or in any certificate or other writing delivered pursuant hereto or in connection herewith to be correct in all material respects when the same shall have been made, and the continuation of such default, breach or failure for a period of 30 days after notice to the Applicable Issuers and the Portfolio Manager by registered or certified mail or overnight courier, by the Trustee, ***or to the Applicable Issuers, the Portfolio Manager and the Trustee by a Majority of the Controlling Class, specifying such default, breach or failure and requiring it to be Remedied and stating that such notice is a "Notice of Default" hereunder***; provided that, if the Issuer or the Co-Issuer, as applicable (as notified to the Trustee by the Portfolio Manager in writing) has commenced curing such default, breach or failure during the 30 day period specified above, such default, breach or failure shall not constitute an Event of Default under this clause (d) unless it continues for a period of 45 days (rather than, and not in addition to, such 30 day period specified above) after notice to the Applicable Issuers and the Portfolio Manager by registered or certified mail or overnight courier;

Acis Indenture § 5.1(d) (emphasis added).

Many of the "defaults" alleged by Plaintiff, however, are expressly excluded from the definition of an Event of Default under the Acis Indenture.  The crux of the allegations in the Second Amended Complaint (and the Hurst Letter) are the alleged noncompliance with the Collateral Quality Tests in the Acis Indenture:

- Trustee must ensure that every purchase and sale made by the Acis CLO maintains or improves any failing collateral quality test.  SAC ¶ 55.

6

- Trustee must ensure that the Acis CLO collateral complies with the detailed, industry-recognized, bargained-for tests.  SAC ¶ 119.

- U.S. Bank violated its obligation to seek best execution on trades reasonably available to the Acis CLOs. By allowing multiple same day trades, US Bank has disregarded the obligation in the Acis Indenture requiring maintenance or improvement of the collateral quality test in each respective Acis CLO for each individual trade made.  Hurst Letter at 2.

- Trustee allowed the Acis CLO to act as "market takers" and allowing it to hold longer-term collateral that does not comport with the requirements of the Acis Indenture.  SAC ¶ 127.

- U.S. Bank is required to ensure that every purchase or sale made under the Acis Indenture maintains or improves any failing collateral quality test. U.S. Bank failed to satisfy this requirement by, among others, allowing transactions to be effectuated that do not maintain or improve the failing Weighted Average Life Test ("WAL") for trades made under the Acis Indenture.  Hurst Letter at 2.

- Second, the Weighted Average Rating Factor ("WARF") of each of the Acis CLO's portfolios has steadily increased this year, further demonstrating U.S. Bank's facilitating the mismanagement of the Acis Indenture's collateral. Hurst Letter at 3.

The WAL test and the WARF test are Collateral Quality Tests under the Acis Indenture (Acis Indenture § 1.1), and the Indenture is clear that a violation of these Collateral Quality Tests does not constitute an Event of Default.  Acis Indenture § 5.1(d) ("it being understood, without limiting the generality of the foregoing, that any failure to meet any Concentration Limitation, Collateral Quality Test, Interest Reinvestment Test, or Coverage Test is not an Event of Default").  Accordingly, the purported violation of the Collateral Quality Tests does not trigger the Trustee's "prudent person" duties under the Acis Indenture.  Acis Indenture § 6.1(d).

And even if the other so-called "defaults" alleged by Plaintiff could give rise to an Event of Default, Plaintiff's reliance now in its Opposition on the Hurst Letter as having given notice of Events of Default to U.S. Bank, thus triggering the "prudent person" standard, is not supported by the express language of the Acis Indenture.  In the first place, a predicate for an

7

Event of Default under Section 5.1(d) of the Acis Indenture is "a default, in a material respect, in the performance, or breach, in a material respect, of any other material covenant or other agreement of the Issuer or the Co-Issuer in this Indenture."  Acis Indenture § 5.1(d).  All of the "defaults" purportedly identified in the Hurst Letter, however, relate to alleged violations of non-existent duties of U.S. Bank, thus are not "defaults" under the Acis Indenture.[4]  *See* Moving Mem. at 4-8.  There is no reference to any Events of Default in the Hurst Letter, nor are there any allegations concerning any purported "defaults" or breaches of the Acis Indenture by parties other than U.S. Bank.  Nor do the contents of the Hurst Letter support Plaintiff's assertion that U.S. Bank was required to enforce the terms of the PMA against ACM. *See* Opp. Mem. at 7.  As noted in the Moving Memorandum, the Acis Indenture expressly provides that the Trustee does not have the authority to exercise any rights under the Acis PMA until an Event of Default has occurred.  Acis Indenture § 15.1(a) ("notwithstanding anything herein to the contrary, the Trustee shall not have the authority to exercise any of the rights set forth in (i) through (iv) above or that may otherwise arise as a result of the Grant until the occurrence of an Event of Default hereunder").

Moreover, as described above, the crux of the allegations in the Hurst Letter, like the Second Amended Complaint, relate to violations of the Collateral Quality Tests that, by definition, cannot be Events of Default under Section 5.1(d) of the Acis Indenture.  *Supra* at 6-7.

Finally, and significantly, the Hurst Letter does not constitute a "Notice of Default" under the Acis Indenture.  Under the terms of the Acis Indenture, a prerequisite to a

---

[4]     Notably, the six-page, single spaced Hurst letter refers to the term "default" but a single time, and then only rhetorically.  *See* Hurst Letter at p. 4 ("US Bank must explain how this blatant gaming and chicanery in the name of artificially maximizing management fees is not a default under the Acis Indentures…").

contractual default becoming an Event of Default is that the Trustee be given "Notice of

Default." Acis Indenture § 5.1(d). A Notice of Default is defined in the Acis Indenture as a

notice to the Trustee "by a Majority of the Controlling Class, specifying such default, breach or

failure and requiring it to be remedied and stating that such notice is a 'Notice of Default'

hereunder." Acis Indenture § 5.1(d). In addition to Plaintiff's failure in the Hurst Letter to state

that it was a Notice of Default, Plaintiff (a holder of Subordinated Notes) does not -- and cannot -

- plead that it was a Majority of the Controlling Class entitled to send a Notice of Default under

the terms of the Indenture. *Id.* As a result, Plaintiff cannot plead the requisite notice was given

to the Trustee to trigger an Event of Default under the plain language of the Acis Indenture, thus

the "prudent person" standard does not apply to the Trustee. *See Millennium Partners, L.P. v.

U.S. Bank Nat'l Ass'n*, No. 12 Civ. 7581, 2013 U.S. Dist. LEXIS 55729, *12-13 (S.D.N.Y. Apr.

17, 2013) (post-default duties not triggered when the complaint failed to plead that the requisite

written notice of an event of default was given).

For the foregoing reasons, even were the Court to consider the Hurst Letter in the

context of this motion, Plaintiff's breach of fiduciary duty claim against U.S. Bank should be

dismissed.[5]

## II.   THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE GRANTING LEAVE TO AMEND WOULD BE FUTILE

Plaintiff requests leave to amend to add allegations of U.S. Bank's knowledge or

awareness of "defaults" and to add a claim for breach of contract. *See* Opp. Mem. at 9. As set

---

[5]    U.S. Bank does not dispute that any breach of fiduciary duty claim brought by Plaintiff against it would be a direct claim rather than a derivative claim. *See* Opp. Mem. at 8-9. As set forth above, however, Plaintiff's direct claims should be dismissed for failure to state a claim.

forth above, however, Plaintiff does not and cannot allege that the "defaults" in the Second

Amended Complaint constitute Events of Default under the Acis Indenture sufficient to give rise

to a claim for breach of U.S. Bank's contractual post-Event of Default duties.  *See supra* at 4-9.

Plaintiff also suggests it may seek to assert a claim for aiding and abetting

breaches of ACM's and Brigade's fiduciary duties based on U.S. Bank's alleged "knowing

allowance" of such breaches.  *See* Opp. Mem. at 8-9.  Such amendment would likewise be futile.

As set forth in the ACM's and Brigade's papers in support of their motions to dismiss the Second

Amended Complaint, ACM and Brigade did not owe Plaintiff a fiduciary duty.  *See* ACM

Memorandum of Law [ECF No. 84], at 12 n.11; Brigade Joinder and Memorandum of Law [ECF

No. 89], at 5-8.  Moreover, in the absence of a fiduciary duty owed by U.S. Bank to Plaintiff,

alleged inaction or "turning a blind eye" on the part of U.S. Bank cannot give rise to an aiding

and abetting claim.  *See Kolbeck v. LIT America, Inc.*, 939 F. Supp. 240, 247 (S.D.N.Y. 1996).

Inaction "constitutes actionable participation only when a defendant owes a fiduciary duty

directly to the plaintiff."  *See id.*

Nothing in Plaintiff's Second Amended Complaint or Opposition suggests that

Plaintiff can cure the fundamental deficiencies in its pleadings with a third amendment.

Accordingly, dismissal of the Second Amended Complaint with prejudice is warranted.  *See*

*Office Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, 544 F. Supp. 3d 405, 419 (S.D.N.Y.

2021).

## **CONCLUSION**

For the reasons set forth above, U.S. Bank respectfully requests that the Court

grant its motion to dismiss the Second Amended Complaint and dismiss all of the claims asserted

against U.S. Bank with prejudice, and grant such other, further and different relief as the Court

deems just and proper.

New York, New York
March 10, 2022

Respectfully submitted,

SEWARD & KISSEL LLP

By:  /s/ Mark D. Kotwick
      Mark D. Kotwick
      Thomas Ross Hooper
      Julie J. Hong

      One Battery Park Plaza
      New York, NY  10004
      Telephone: (212) 574-1200
      Facsimile: (212) 480-8421

      *Attorneys for U.S. Bank, National Association,*
      *in its capacity as Indenture Trustee*

SK 03687 1338 9406434 v4

11