**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEXPOINT DIVERSIFIED REAL ESTATE TRUST,<br><br>            Plaintiff,<br><br>     v.<br><br>ACIS CAPITAL MANAGEMENT, L.P., U.S. BANK, N.A., JOSHUA N. TERRY, BRIGADE CAPITAL MANAGEMENT, L.P.,<br><br>            Defendants. | Case No. 1:21-cv-04384-GHW |

### JOSHUA N. TERRY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Jonathan E. Pickhardt
Blair A. Adams
Misha Boutilier
51 Madison Ave., 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
jonathanpickhardt@quinnemanuel.com
blairadams@quinnemanuel.com
mishaboutilier@quinnemanuel.com

*Attorneys for Joshua N. Terry*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1
ARGUMENT .................................................................................................................................. 1
I.    NEXPOINT'S VEIL-PIERCING CLAIM MUST BE DISMISSED ................................ 1
      A.    NexPoint Fails To Plead Fraud-Based Veil-Piercing ............................................ 2
      B.    NexPoint Fails To Allege Alter Ego Theory Veil-Piercing .................................... 4
II.    NEXPOINT'S DIRECT CLAIMS AGAINST MR. TERRY ARE FATALLY FLAWED ............................................................................................................................ 5
III.    NEXPOINT CANNOT ADD AN AIDING-AND-ABETTING CLAIM THROUGH ITS OPPOSITION BRIEF ................................................................................ 6
IV.    LEAVE TO AMEND SHOULD BE DENIED ................................................................. 6
CONCLUSION .............................................................................................................................. 6

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*,
 241 F. Supp. 3d 461 (S.D.N.Y. 2017) .................................................................................... 2

*Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*,
 491 B.R. 335 (Bankr. S.D.N.Y. 2013) .................................................................................... 5

*De Jesus v. Sears, Roebuck & Co., Inc.*,
 87 F.3d 65 (2d Cir. 1996) ........................................................................................................ 5

*Kirschner v. CIHLP LLC*,
 2017 WL 4402545 (S.D.N.Y. Sept. 30, 2017) ........................................................................ 5

*Levy v. Young Adult Inst., Inc.*,
 103 F. Supp. 3d 426 (S.D.N.Y. 2015) ................................................................................. 3, 4

*In re Merrill Lynch Auction Rate Sec. Litig.*,
 851 F. Supp. 2d 512 (S.D.N.Y. 2012), *aff'd*, 571 F. App'x 8 (2d Cir. 2014) ........................... 2

*Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*,
 975 F. Supp. 2d 392 (S.D.N.Y. 2013) ..................................................................................... 2

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
 537 F.3d 168 (2d Cir. 2008) ................................................................................................ 1, 4

*Office Solution Group, LLC v. Nat'l Fire Ins. Co. of Hartford*,
 544 F. Supp. 3d 405 (S.D.N.Y. 2021) ..................................................................................... 6

*In re Stillwater Asset Backed Offshore Fund Ltd.*,
 2018 WL 1610416 (S.D.N.Y. Mar. 30, 2018) ........................................................................ 5

*Thermal Imaging, Inc. v. Sandgrain Sec., Inc.*,
 158 F. Supp. 2d 335 (S.D.N.Y. 2001) ..................................................................................... 6

*Wexner v. First Manhattan Co.*,
 902 F.2d 169 (2d Cir. 1990) .................................................................................................... 2

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................ 2, 3, 4

Defendant Joshua N. Terry ("Mr. Terry")[1] respectfully submits this reply memorandum of law in support of his motion to dismiss Plaintiff NexPoint's Second Amended Complaint (the "SAC"). Mr. Terry also joins ACM's motion to dismiss in its entirety, *see* Dkts. 84, 109, and writes separately to address NexPoint's veil-piercing claims and attempt to add, through its opposition brief, unpled aiding and abetting claims against Mr. Terry.

## PRELIMINARY STATEMENT

NexPoint's opposition (Dkt. 102, "Opp.") attempts to recast its pleading failures as "factual disputes" in an effort to evade the pleading burden on its veil-piercing claims. But the opposition brief fails to identify any additional allegations that might satisfy the stringent requirements for pleading a veil-piercing claim under Delaware law. Each of the holes in NexPoint's pleading identified in Mr. Terry's opening brief remain unanswered. Nor does NexPoint identify any new facts that could cure its pleading failure. For these reasons, NexPoint's veil-piercing claims against Mr. Terry should be dismissed with prejudice.

## ARGUMENT

**I.   NEXPOINT'S VEIL-PIERCING CLAIM MUST BE DISMISSED**

NexPoint argues (Opp. at 18) that the Complaint "sufficient[ly] [] plead[s] the fraud required for veil piercing" by alleging "a violation of the IAA." That is not how Delaware law works. Instead, both branches of Delaware's veil-piercing doctrine require the plaintiff to plead an abuse of the corporate form. The fraud branch requires an abuse of the corporate form to effectuate a "fraud," *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008), and the alter ego branch requires "injustice or unfairness that is a result of an abuse of the

---

[1]   Capitalized terms not defined herein have the meaning assigned to them in Acis Capital Management, L.P.'s Memorandum of Law In Support Of Its Motion To Dismiss (Dkt. 84).

corporate form," *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 406 (S.D.N.Y. 2013). Both branches require NexPoint to allege that Mr. Terry used ACM's corporate form to further fraud or wrongdoing "separate and apart from the causes of action" NexPoint brought against ACM. *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 241 F. Supp. 3d 461, 476 (S.D.N.Y. 2017); *see also Nat'l Gear & Piston, Inc.*, 975 F. Supp. 2d at 406. NexPoint has failed to do so.

### A.   NexPoint Fails To Plead Fraud-Based Veil-Piercing

NexPoint attempts (Opp. at 12) to defend its fraud-based theory of veil-piercing by contesting its obligation to plead with particularity Mr. Terry's alleged fraud. NexPoint asserts that it has "laid out the who, what, where, when, and why" of the fraud, *id.*, but never identifies what those elements are.[2] Instead, NexPoint quickly shifts to an argument that further detail about the supposed fraud is not necessary because information regarding the still unidentified fraud "are peculiarly within" Mr. Terry's knowledge. *Id.* (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990)). But, as NexPoint's own case makes clear, "[t]his exception to the general rule [requiring pleading with particularity] must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Wexner*, 902 F.2d at 172. Thus, where "pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Id.*

Here, NexPoint has not pled specific facts permitting even a *weak* inference of fraud. NexPoint claims (Opp. at 5) that an alleged increase in expenses incurred by Acis CLO 6 creates

---

[2]   NexPoint claims that Paragraphs 65-108 of the Complaint "lay[] out the who, what, where, when, and why" of the purported fraud as Rule 9(b) requires, but never explains how they do so. Opp. at 12 & n.30; *see In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 533 (S.D.N.Y. 2012) (imposing "who, what, where, when, and why" requirement), *aff'd*, 571 F. App'x 8 (2d Cir. 2014). NexPoint cannot, because those paragraphs do not.

2

an inference that ACM was charging unauthorized expenses to the CLO. But increased expenses alone are insufficient to infer fraud, particularly where those increased expenses occurred at a time when entities controlled by Mr. Dondero were filing serial lawsuits against ACM, Mr. Terry, and other deal participants. *See Charitable Donor Advised Fund, L.P. v. U.S. Bank Nat'l Ass'n*, *et al.*, 1:19-cv- 09857-NRB, Dkt. 18 (S.D.N.Y.); *The Charitable Donor Advised Fund, L.P. v. U.S. Bank Nat'l Ass'n*, 1:20-cv-01036-LGS, Dkt. 1 (S.D.N.Y); *In re Highland Capital Mgmt., L.P.*, Case No. 19-34054-sgj11, Dkt. 2660 (Bankr. N.D. Tex. Aug. 3, 2021) (holding Mr. Dondero and entities he functionally controlled in contempt for filing lawsuit against HCLOF). Meanwhile, NexPoint fails to point to a single, specific expense item charged to Acis CLO 6 that was unauthorized by its governing contracts. More is required to state a plausible claim, and meet Rule 9(b)'s particularity requirements. To be clear, Mr. Terry is not asking the Court, as NexPoint suggests (Opp. at 13-14), to resolve any factual disputes at this stage. The problem with the SAC is that it does not allege sufficient facts to give rise to a dispute in the first place.

To the extent NexPoint intends to rely on its breach of fiduciary duty or IAA claims to support a fraud-based theory of veil-piercing, it fares no better. None of the allegations behind NexPoint's breach of fiduciary duty or IAA claims involve fraud. Rather, Mr. Terry and ACM are alleged to have bought low quality assets at a discount to boost Acis CLO 6's assets under management and increase ACM's fees. Whether or not this type of conduct would run afoul of Mr. Terry's and ACM's duty of loyalty to Acis CLO 6 (a fiduciary duty issue), there is no allegation that Mr. Terry or ACM misrepresented the assets ACM bought or misstated the asset balance held by Acis CLO 6, as would be required for fraud. Mere allegations of fiduciary breaches are not fraudulent. *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 441 (S.D.N.Y.

3

2015) ("Fraud is not an element of a claim for breach of fiduciary duty" (quotation marks omitted)). They are therefore insufficient to support fraud-based veil-piercing.

But even if NexPoint had alleged fraud with particularity, its pleading would still fall short. To support a fraud-based veil-piercing claim, the fraud must involve some abuse of the corporate form. *See NetJets Aviation*, 537 F.3d at 176 (2d Cir. 2008). The supposed fraud allegations here, even if accepted as plausible and meeting the particularity requirements of Rule 9(b), have nothing to do with abusing the corporate form. To the contrary, the alleged frauds—*i.e.*, charging extracontractual expenses to Acis CLO 6 and inflating Acis CLO 6's asset balance through the purchase of risky collateral—were accomplished directly by ACM without any corporate form manipulation involved. Such garden variety "fraud" claims (if they involve fraud at all) are not the type of fraud needed for the extraordinary remedy of veil-piercing. Mr. Terry raised this point in his opening brief, *see* Dkt. 87 at 4-5, but NexPoint fails to provide any response in its opposition brief, effectively conceding the point. For this independent reason, NexPoint's fraud-based theory of veil-piercing must be rejected.

        **B.**     **NexPoint Fails To Allege Alter Ego Theory Veil-Piercing**

NexPoint concedes (Opp. at 14-15) that the alter ego theory of veil-piercing looks to a multifactor test to establish domination and control, which takes into account: (1) adequate capitalization, (2) solvency, (3) adherence to corporate formalities, (4) allegations that the controlling person syphoned assets, and (5) general evidence that the company acted as a façade. As Mr. Terry pointed out in his opening brief, NexPoint has alleged only the fifth item, and only in the most conclusory fashion. Dkt. 87 at 5-6. NexPoint fails to rebut this argument. NexPoint points to no allegation that ACM is undercapitalized or insolvent, or has disregarded corporate formalities. Nor does NexPoint allege that Mr. Terry has siphoned ACM's assets. Without these allegations, NexPoint's conclusory allegation that ACM is a corporate façade for Mr. Terry does

4

not suffice. *Kirschner v. CIHLP LLC*, 2017 WL 4402545, at *5 (S.D.N.Y. Sept. 30, 2017) (dismissing complaint that "does not address many of the [relevant single economic entity] factors"). Moreover, without these further allegations, NexPoint has failed to plead that respecting ACM's corporate form would perpetrate a wrong or injustice on NexPoint or any other party.[3] Thus, accepting NexPoint's pleading as true, it falls short of plausibly alleging an alter ego theory of veil-piercing as well.

Once again, NexPoint attempts (Opp. at 13-14) to recharacterize pleading deficiencies in its alter ego veil-piercing claims as factual disputes. While NexPoint's claims are baseless and untrue, Mr. Terry does not ask the Court to make that determination at this time. It is the absence of sufficient, plausible allegations that doom NexPoint's alter ego veil-piercing claims, not the inaccuracy of the allegations it has made. The Second Circuit and Southern District routinely dismiss conclusory veil-piercing claims that "lack . . . sufficient pleadings to place the alter ego issue in dispute." *In re Stillwater Asset Backed Offshore Fund Ltd.*, 2018 WL 1610416, at *9 (S.D.N.Y. Mar. 30, 2018); *see also De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996); *Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (Bankr. S.D.N.Y. 2013). The Court should do the same here.

## II. NEXPOINT'S DIRECT CLAIMS AGAINST MR. TERRY ARE FATALLY FLAWED

NexPoint spends several pages of its opposition brief addressing the direct claims it alleged against Mr. Terry. Opp. at 6-12, 15-18. As noted above, those direct claims are fatally flawed for the reasons addressed in ACM's motion to dismiss. *See* Dkts. 84, 109. None of the arguments

---

[3] NexPoint concedes that fraud is also an element of an alter ego veil-piercing claim. Opp. at 15, so its failure to allege any fraud involving an abuse of the corporate form provides another basis to dismiss its veil-piercing claim. *See infra* at 2-4.

presented in NexPoint's opposition brief require separate argument, so Mr. Terry rests on the positions presented by ACM, which Mr. Terry joins in full.

### III. NEXPOINT CANNOT ADD AN AIDING-AND-ABETTING CLAIM THROUGH ITS OPPOSITION BRIEF

NexPoint attempts (Opp. at 11, 18-19) to amend its SAC through its opposition brief to add claims for aiding and abetting breach of fiduciary duty and conversion against Mr. Terry. NexPoint did not include these claims in the SAC, nor did it plead any facts supporting them. Because the SAC "includes no 'aiding and abetting' claim[s], [NexPoint] may not raise [them] now" by briefing. *Thermal Imaging, Inc. v. Sandgrain Sec., Inc.*, 158 F. Supp. 2d 335, 344 n.18 (S.D.N.Y. 2001).

### IV. LEAVE TO AMEND SHOULD BE DENIED

The Court should deny NexPoint's request for leave to amend its veil-piercing claim because NexPoint has "fail[ed] to specify" any "facts that would cure" the "substantive" flaws with that claim. *Office Solution Group, LLC v. Nat'l Fire Ins. Co. of Hartford*, 544 F. Supp. 3d 405, 419 (S.D.N.Y. 2021) (Woods, J.) (citations omitted); Opp. at 19 (requesting leave to amend without specifying such facts). As for its newly minted aiding-and-abetting theory, NexPoint has not identified any factual allegations that would support such a claim against Mr. Terry. If NexPoint's tort claims against ACM survive this motion to dismiss, NexPoint should seek formal leave for such an amendment, and Mr. Terry will respond at that time. Because NexPoint's tort claims are fatally flawed, any such amendment will likely be rendered moot before leave is sought.

### CONCLUSION

For the reasons stated above, NexPoint's Complaint should be dismissed with prejudice as to all claims asserted against Mr. Terry.

Dated: March 10, 2022    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: <u>*/s/ Jonathan E. Pickhardt*</u>
Jonathan E. Pickhardt
Blair A. Adams
Misha Boutilier
51 Madison Ave., 22nd Floor
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
jonathanpickhardt@quinnemanuel.com
blairadams@quinnemanuel.com
mishaboutilier@quinnemanuel.com

*Attorneys for Defendant Joshua N. Terry*